859 F.2d 237
 273 U.S.App.D.C. 261
 UNION OF CONCERNED SCIENTISTS, et al., Petitioners,
v.
U.S. NUCLEAR REGULATORY COMMISSION and the United States of
America, Respondents,
Nuclear Utility Backfitting and Reform Group, Intervenor. (Two Cases)
 Nos. 85-1757, 86-1219.
 United States Court of Appeals,
District of Columbia Circuit.
 Oct. 18, 1988.
 
 William C. Parler, Gen. Counsel, William H. Briggs, Jr., Sol., E. Leo Slaggie, Deputy Sol., G. Paul Bollwerk, III and Steven F. Crockett, Attys., U.S. Nuclear Regulatory Com'n, and Peter R. Steenland, Jr., Chief, Appellate Section and Mark Haag, Atty., Dept. of Justice, Washington, D.C., were on the suggestion for rehearing.
 Prior report: 840 F.2d 957.ON RESPONDENTS' SUGGESTION FOR REHEARING EN BANC
 Before WALD, Chief Judge, ROBINSON, MIKVA, EDWARDS, RUTH B. GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Respondents' suggestion for rehearing en banc has been circulated to the full Court. The taking of a vote thereon was requested. Thereafter, a majority of the judges of the Court in regular active service did not vote in favor of the suggestion. Upon consideration of the foregoing it is
 
 
 2
 ORDERED, by the Court en banc, that the suggestion is denied.
 
 
 3
 A dissenting statement of Circuit Judge STARR, joined by Circuit Judges WILLIAMS, D.H. GINSBURG and SENTELLE, is attached.
 
 
 4
 Circuit Judge SILBERMAN did not participate in this matter.
 
 
 5
 STARR, Circuit Judge, joined by WILLIAMS, D.H. GINSBURG, and SENTELLE, Circuit Judges, dissenting from denial of rehearing en banc:
 
 
 6
 The suggestion for rehearing en banc, drawing upon Judge Williams' dissent, enumerates several points of error said to merit the attention of the full court. I write to emphasize two issues which clearly should command en banc attention. Those issues concern the "substantially justified" inquiry and the requirement of allocation.
 
 
 7
 Whether or not UCS "prevailed" in this litigation, it cannot be awarded attorneys' fees if the Government demonstrates that its position was "substantially justified."[1] In this case, however, the panel majority abdicated its responsibility to undertake the prescribed legal analysis. Instead, the panel focused broadly on the court's rejection of NRC's position. This approach, in effect, collapses the analysis required under the "substantial justification" prong of the test into the "prevailing party" analysis. This is troubling as a general proposition, but all the more so where, as here, telling indications abound in the merits opinion that the agency's position was substantially justified.[2]
 
 
 8
 But, even if the Government could not succeed in showing that its position was, in whole or in part, substantially justified, there remains for the panel the heretofore well-established duty to assess the extent of success achieved by UCS. Under the prescribed analysis, the court is obliged to weigh the relief the merits panel actually granted against the relief the challenger sought. If the challenger goes for a home run but succeeds only in hitting a single, the award of fees must reflect that less dramatic achievement.
 
 
 9
 In most regulatory cases, there is a range of possible outcomes. Thus, to have determined that UCS was a prevailing party simply cannot end the analysis. As the Supreme Court has stated, "[t]hat the plaintiff is a 'prevailing party' ... may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Where the plaintiff advances a series of discrete claims, the court is to award fees only with respect to claims on which the plaintiff was successful. Where the lawsuit cannot be viewed as a series of separate claims, the court must instead "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435, 103 S.Ct. at 1940. Thus, the Supreme Court has explicitly instructed that in assessing the amount of fees to be awarded, the court must ask: "[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. at 434, 103 S.Ct. at 1940.[3] If not, the court must make an allocation based on the level of success.
 
 
 10
 To be sure, in laying down these criteria for the award of attorneys' fees, the Court cautioned that "[a] request for attorney's fees should not result in a second major litigation." Id. at 437, 103 S.Ct. at 1941. But at the same time the Court warned that "the ... court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Id. Specifically, a statement by the court of its reasons for rejecting an allocation is a critical process-check on the court's exercise of discretion. And it is a vital function of this court sitting en banc to assure that the various panels through which this court performs its labors remain faithful to the rule of law.
 
 
 11
 In this case, there is nothing to indicate that the panel has even considered the Government's claim that the award was excessive in light of the results achieved. Under these circumstances, the panel has failed to engage in the process required under Supreme Court precedent and the law of this circuit, namely a reasonable effort of allocation or an explanation of why allocation is unnecessary.
 
 
 12
 To make the point even more clearly: the panel's disposition conflicts flatly with the action we took en banc in Kennecott Corp. v. EPA, 804 F.2d 763 (D.C.Cir.1986) (rehearing by reconstituted panel). There, the original panel had approved in its entirety an attorneys' fees request by a challenger to agency regulations, even though some of the challenges fell far short of the realm of "successful." By virtue of the panel's failure, the court en banc directed the panel to make an allocation or, in the alternative, to explain why the full amount was being awarded notwithstanding the failure of some of the challenger's arguments. It is that Kennecott-mandated course which, for reasons that remain unstated, the panel here has failed to follow. And now the full court blinks at the very violation that had moved it to act en banc in Kennecott. We thus have the singularly unacceptable situation of two panels succumbing to the identical procedural flaw, but with the more recent panel spared the chastening reminder of what settled law requires. This is arbitrariness and caprice, the very stuff of this court's day-to-day labors. The bar and the District Court are thus left with the implicit message that they should do as we say but not as we do.
 
 
 13
 That this remarkable result stands uncorrected is, as best I can divine, attributable only to this court's reluctance to provide any case en banc review. I should have thought that en banc review, for all its burdens and discomfort, would at least remain in service for the purpose of assur ing consistency in circuit law. For my part, this case should be treated in precisely the manner as Kennecott, and the panel directed either to engage in the allocation process or to provide an explanation why that process is unnecessary.
 
 
 14
 For the foregoing reasons, I respectfully dissent from the denial of rehearing en banc.
 
 
 
 [1]
 In making that determination, the court must compare its ultimate disposition with the position the agency took before it. Where, as here, the case is primarily one of statutory interpretation, the "focus is primarily on the legal merits of the government's arguments." Cinciarelli v. Reagan, 729 F.2d 801, 805 (D.C.Cir.1984). The agency's position is "substantially justified" if its actions in the underlying litigation were based on an interpretation of the statute that "is justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, --- U.S. ----, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)
 
 
 [2]
 Without purporting definitively to decide the point, I observe simply that the merits panel acknowledged that "[w]e conceivably could read the terms of [the NRC's] rule to comply with the statutory scheme we have described above." Union of Concerned Scientists v. United States Nuclear Regulatory Com'n, 824 F.2d 108, 119 (D.C.Cir.1987). Nevertheless, the court believed the "vulnerability of the rule to ... impermissible interpretations" warranted remand to the agency for further clarification. Id. Since the agency professed to agree with the interpretation of the statute that the court itself settled upon, its litigating posture in defending against the broader challenges advanced by UCS would seem eminently reasonable. See Respondent NRC's Opposition to Petitioner's Motion for Attorneys' Fees and Expenses at 9 (filed Sept. 30, 1987) ("the Court's overall opinion on the circumstances in which cost may be considered regarding adequate levels of safety was totally in accord ... with the way the Commission had always interpreted the rule")
 
 
 [3]
 Although the Court in Hensley canvassed the criteria for the recovery of attorneys' fees under 42 U.S.C. Sec. 1988--a statute that, unlike EAJA, includes an explicit requirement that only "reasonable" fees are recoverable--the Court made clear that "[t]he standards set forth in [its] opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' " 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7